**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ACESCHUNN W. BROWN, : | |
|         Petitioner   : | CIVIL ACTION NO. 3:15-0122 |
| v.       : | (MANNION, D.J.) |
| | (SCHWAB, M.J.) |
| WARDEN EBBERT,   : | |
|         Respondent   : | |

**MEMORANDUM**

**I.    BACKGROUND**

Petitioner, Aceshunn W. Brown, an inmate currently confined in the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Brown names as respondents David J. Ebbert, Warden at USP-Lewisburg and "Officials d.b.a. Bureau of Prisons Administrative Officials."[1] Brown claims that his due process rights were violated during the course of numerous prison disciplinary proceedings that resulted in convictions and sanctions, including the loss of good conduct time. Brown alleges that all of the disciplinary charges filed against him since his

---

[1] As Judge Schwab notes, the only proper Respondent is Warden Ebbert since he has custody of Brown. *See* 28 U.S.C. §§2242 and 2243; *see also* Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

1

incarceration in February 2007 were fabricated and should be expunged.[2] Brown attached copies of his Inmate Disciplinary Record from 2007 through 2015 to his habeas petition summarizing his disciplinary charges, convictions and sanctions. As relief, Brown requests that all of his lost good conduct time be restored and that his disciplinary convictions be expunged. Additionally, Brown raises constitutional claims alleging that his First Amendment right to freedom of religion was violated, that his Eighth Amendment right to a proper diet was violated, and that his custody classification was altered in retaliation for filing grievances in violation of the First Amendment. Further, Brown claims he was improperly designated to the Special Management Unit ("SMU") at USP-Lewisburg. Brown also filed a motion to show cause, (Doc. 24), a motion for a temporary restraining order and a preliminary injunction, (Doc. 26).

On April 1, 2015, respondent Ebbert filed his response to the habeas petition. (Doc. 10). Brown then filed a traverse on May 19, 2015. (Doc. 13).

On January 12, 2016, Judge Schwab issued a Report and Recommendation ("R&R") that the habeas petition be denied insofar as Brown raised due process claims regarding his disciplinary convictions resulting in loss of good conduct time for failure to have exhausted his Bureau

---

[2] In his affidavit filed with his habeas petition, Brown avers that the majority of the disciplinary infractions were issued when he was previously confined at MDC-Brooklyn. (Doc. 1-1, at 1). Venue for Brown's habeas claims lies in this judicial district since this is where he is confined. *See* Johnson v. Williamson, 350 Fed.Appx. 786 (3d Cir. 2009).

of Prison ("BOP") administrative remedies. (Doc. 31). Insofar as Brown alleges his constitutional rights were violated, Judge Schwab recommends that these claims be dismissed since the court lacks jurisdiction over such claims in a habeas petition. Judge Schwab also recommends that Brown's two motions be denied. Brown filed objections to the R&R on January 29, 2016, with attached exhibits.³ (Doc. 33). On February 10, 2016, respondent filed a brief in opposition to Brown's objections. (Doc. 34). The petition is ripe for disposition and, for the reasons set forth below, Judge Schwab's R&R will be **ADOPTED** and Brown's habeas petition will be **DENIED**.

---

³Brown also filed a letter on January 12, 2016, (Doc. 32), stating that he should be removed from USP-Lewisburg and transferred to another prison due to "the threat of loss of life" as retaliation from unnamed federal officials at the prison. He also states that he was placed on a "Black Ball List" and has been "Targeted for Termination." Alternatively, Brown requests that the court order staff at USP-Lewisburg to continuously follow him with a portable camera to prevent any assaults. Brown did not submit any documentation to support his vague claims that he is in danger at USP-Lewisburg from BOP staff. Brown must also exhaust his BOP administrative remedies with respect to his new retaliation claims and Eighth Amendment claims. Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. §1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement is mandatory. *See* Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); *see also* Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").
    Additionally, it is well-settled law that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

### *A. Constitutional Claims*

Initially, Judge Schwab is correct in recommending that Brown's conditions of confinement claims be dismissed for lack of subject matter jurisdiction. It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Brown's challenge to his placement in the SMU as well as his allegations regarding falsified incident reports, tampering with his food, tampering with his mail, denying him the right to the free exercise of his religion, and tampering with his custody classification are not challenges to the fact or duration of his confinement. Brown believes that his constitutional rights have been violated and he objects at length to Judge Schwab's recommendation that these claims be dismissed. Brown argues that his constitutional claims do challenge how his sentence is being carried out and that they are properly raised in his habeas petition. With respect to his constitutional claims, Brown does not allege that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison.

These alleged conditions of confinement simply do not affect the length of his sentence or the duration of his confinement. Therefore, Brown's constitutional claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather may be pursued through the filing of a civil rights action pursuant to 28 U.S.C. §1331 after he exhausts his BOP administrative remedies with respect to each claim. *See, e.g.*, Leamer, 288 F.3d at 542 ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [§1331] is appropriate"); Spruill v. Rosemeyer, 36 App'x 488, 489 (3d Cir. 2002) ("There are no material differences for purposes of this appeal between appellant's claims—that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment Rights—and the claims in *Leamer*. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action.").

Accordingly, Brown's constitutional claims in the instant petition are not appropriate under a 28 U.S.C. §2241 habeas petition and will be **DISMISSED**

**WITHOUT PREJUDICE** to any right Brown may have to reassert his present claims in a properly filed civil rights complaint after he fully exhausts each one of his claims.[4]

### B. Exhaustion of BOP Administrative Remedies

As a preliminary matter, the court agrees with Judge Schwab that this habeas petition, to the extent it challenges disciplinary proceedings that resulted in the loss of good conduct time, is a challenge to the duration of Brown's confinement and that such claims are properly brought in a petition for habeas corpus pursuant to 28 U.S.C. §2241. *See* Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Cody v. Vaughn, 251 F.3d 480 (3d Cir. 2001); Queen v. Miner, 530 F.3d 253, 254 n. 2 (3d Cir. 2008) (A challenge to a disciplinary proceeding that resulted in the loss of good time credit is cognizable under §2241 because it affects the duration of the inmate's sentence.). However, Brown's claims attacking the disciplinary proceedings which did not result in the loss of good conduct time do not affect the duration of his sentence and are not properly brought in a §2241 habeas petition.

Judge Schwab states that Brown failed to fully exhaust his

---

[4] The PLRA exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

7

administrative remedies with respect to his claims that are cognizable in a §2241 petition and that he has procedurally defaulted his claims regarding the disciplinary proceedings which resulted in the loss of good conduct time. Where a prisoner files a petition for writ of habeas corpus under 28 U.S.C. §2241, the Third Circuit has "consistently applied an exhaustion requirement[.]" Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (*citing* Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)); Johnson, 350 Fed.Appx. at 788 ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to §2241.") (quoting Moscato v. Fed. Bureau. of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). If a petitioner fails to exhaust administrative remedies, the district court can dismiss the petition. *See* Callwood, 230 F.3d at 634. "Failure to satisfy the Bureau of Prison's procedural rules for administrative review can result in a procedural default, which will bar §2241 review of a defaulted claim unless the prisoner can show 'cause and prejudice.'" Johnson, 350 Fed.Appx. at 788 (citing Moscato, 98 F.3d at 760-61).

Judge Schwab details the BOP's rules governing an appeal of a decision by a Discipline Hearing Officer ("DHO") for federal inmates that are

contained in 28 C.F.R. §542,10, *et seq.*[5] Judge Schwab states that respondent's evidence indicates that "of the 57 incident reports that Brown received since his incarceration, only 24 of those resulted in the loss of good conduct time" and "that Brown has filed 70 administrative remedy requests, but only five of those challenged disciplinary proceedings and only one challenged a disciplinary proceeding that resulted in the loss of good conduct time." (Doc. 31, at 5-6). Judge Schwab also states, "according [to] respondent, Brown did not pursue his administrative remedies to final review as to any of his challenges to disciplinary proceedings, and as to the one administrative remedy request he filed regarding a disciplinary proceeding that resulted in the loss of good conduct time, he never appealed to the [BOP] Central Office." She indicates that Brown did not dispute this and that he procedurally defaulted his claims that are cognizable in a §2241 habeas petition. In his objections, Brown contends that nine of the incident reports issued against him resulted in the loss of good conduct time and he lists those reports on pages 7-8 of his objections, (Doc. 33). However, he does not demonstrate that he exhausted his administrative remedies regarding any

---

[5]These rules require that a prisoner first submit a DHO appeal within 20 days "to the Regional Director for the region where the inmate is currently located." 28 C.F.R. §542.14(d)(2). If the inmate is not satisfied with the response from the Regional Director, he or she may submit an appeal to the General Counsel within 30 days. 28 C.F.R. §542.15(a). The General Counsel has 40 days to reply. 28 C.F.R. §542.18. Appeal to the General Counsel is the final step in the administrative appeal process. 28 C.F.R. §542.15(a).

reports. As such, the court need not review the merits of Brown's defaulted claims unless he can show "cause and prejudice." Johnson, 350 Fed.Appx. at 788 (citing Moscato, 98 F.3d at 760-61).

Judge Schwab indicates that Brown replied he had to stop filing grievances because he was under threat, duress, and coercion. However, she found that Brown did not present any evidence to support his assertions, and that unsubstantiated assertions are not sufficient to excuse the failure to exhaust administrative remedies. Thus, she concludes that Brown failed to show cause for his procedural default and that the court should not reach the merits of his habeas claims.

In his objections, Brown states that he did file an appeal regarding his loss of good conduct time to Warden Ebbert and that Ebbert denied his appeal finding no basis for relief. Brown then states that he "would be in over his head to demand staff to issue him the proper forms to continue to file [administrative remedy appeals]." He states that "staff circumvents the filing of grievances" and that "it would be futile to further an attempt to grieve the ungrievable (sic)." He states that "the outcome of continuing through the [BOP] grievance process will in fact end with the same answered response Warden Ebbert issued" and that only through the courts will he get relief since they do not circumvent the proper due process procedures. (Doc. 33, at 6-7). Brown also states that recently he tried to exhaust the administrative remedy process regarding his transfer from USP-Allenwood back to USP-Lewisburg

where he has to remain in the SMU for 18 more months due to incident reports which lacked evidentiary support, and that when he asked his counselor and unit manager to return his three BP-8 administrative remedy requests they told him "no, you are not getting them." Brown contends that "this is why there is a constant state of being under threat, duress, and coercion with the only alternative of seeking justice within the court system." (Id. at 8-9). Brown also states, without support, that many times the counselors refuse to issue a BP-8 to an inmate or that the counselor receives the form from the inmate and then throws it in the trash. (Id. at 12). As such, Brown argues that exhaustion of his administrative remedies is futile.

Insofar as Brown argues that he attempted to exhaust his administrative remedies at issue in this case by filing an appeal with Warden Ebbert and that such appeals are futile, the court finds this unavailing since, as noted, an inmate must submit an appeal of a DHO's decision to the Regional Director, not the warden. 28 C.F.R. §542.14(d)(2). The court finds that Brown did not establish cause and prejudice for his failure to exhaust his administrative remedies with respect to the incidents reports at issue in this case in which he suffered loss of good conduct time. As respondent states in his brief in opposition to Brown's objection, (Doc. 34, at 2), "[Brown] has still failed to state in anything but the vaguest items what the purported threat or duress might have been that would constitute an external impediment to his ability to exhaust his administrative remedies." Indeed, Brown's general

unsubstantiated allegations regarding why he believes it is futile to try and exhaust administrative remedies with respect to his grievances simply does not suffice. *See* Moscato, 98 F.3d at 761 (inmate must demonstrate cause and prejudice to excuse procedural default); Pinet v. Holt, 316 Fed.Appx. 169 (3d Cir. 2009). With respect to the specific reason as to why Brown failed to exhaust his instant habeas claims, *i.e.*, his belief that the outcome of continuing through the BOP grievance process would have ended with the same response Warden Ebbert issued, does not suffice to show cause to excuse his default.

Since Brown has failed to show cause and prejudice for his procedural default, review of the merits of his habeas claims is barred. *See* Beckford v. Martinez, 408 Fed.Appx. 518 (3d Cir. 2010) (general unsupported assertions that prison staff interfered with inmate's ability to pursue his administrative remedies does not establish cause for his procedural default and review of merits of habeas petition is barred).

Finally, the court agrees with Judge Schwab that Brown has not met any of the four elements necessary to establish his entitlement to injunctive relief and, particularly the likelihood of success on the merits of his claims. Accordingly, Judge Schwab's finding that Brown is not entitled to any form of injunctive relief is correct.

## IV.     CONCLUSION

For the reasons stated above, Judge Schwab's report and recommendation, (Doc. 31), will be **ADOPTED**, and Brown's objections, (Doc. 33), will be **OVERRULED**. Brown's petition for a writ of habeas corpus, (Doc. 1), will be **DENIED**. Brown's motion to show cause, (Doc. 24), and his motion for a temporary restraining order and preliminary injunction, (Doc. 26), will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 18, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0122-01.wpd